IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL OLEKANMA              :
                             :
                             :
    v.                       :   Civil Action No. DKC 15-0984
                             :
JOHN S. WOLFE, et al.        :
                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this workplace harassment action are: (1) a motion to dismiss filed by Defendants John S. Wolfe, Casey Campbell, Allen Gang, and Glynis Watford (ECF No. 10); and (2) a motion to dismiss filed by Defendant Wexford Health Sources Incorporated ("Wexford") (ECF No. 21). Also pending is Plaintiff Samuel Olekanma's ("Plaintiff") motion for a temporary restraining order and petition for removal. (ECF No. 8). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions to dismiss the amended complaint will be granted. Plaintiff's motion will be denied as moot, and he will have 21 days to file a second amended complaint under Fed.R.Civ.P. 15(a)(2).

**I.   Background**[1]

At all relevant times, Plaintiff has been employed by the Maryland Department of Public Safety and Correctional Services ("MDPSCS") as a corrections officer at the Jessup Correctional Institution ("JCI").  Plaintiff alleges that Electa Awanga, a female nurse employed by Wexford at JCI, sexually harassed and abused him on November 29, 2014.  (ECF No. 4 ¶ 1).[2]  According to Plaintiff, "[t]his sexual [h]arassment was brought to the attention of the supervisors and appointed authorities . . . but they failed to remove [P]laintiff from the abusive condition on time which resulted in further sexual harassment and abuse of [P]laintiff."  (*Id.*).  Plaintiff alleges that he reported the harassment to Defendants Wolfe, Campbell, and Gang, but they "were [] absent or on vacation at the time of the complaint which is a violation of policy and procedure that resulted in . . . continued sexual harassment."  (*Id.* ¶ 2).  Furthermore, "[w]hen Plaintiff took the matter to . . . [Maryland Equal Employment Opportunity Coordinator Glynis Watford, she] further harassed [P]laintiff by intimidating [him]."  (*Id.* ¶ 4).

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true.  See *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The facts outlined here are construed in the light most favorable to Plaintiff, the nonmoving party.

[2] The amended complaint contains a lengthy recitation of facts surrounding the purported harassment of Plaintiff in November 2014.  (*See* ECF No. 4, at 6-13).

Plaintiff also alleges that Defendant Wexford employs Ms. Awanga and "failed to act or do anything about [his] complaint" of harassment. (*Id.* ¶ 5).[3]

Plaintiff, proceeding *pro se*, filed a complaint against MDPSCS on April 6, 2015. (ECF No. 1). Shortly thereafter, the court found the complaint to be insufficient under federal pleading standards. (ECF No. 3). On May 6, Plaintiff filed an amended complaint against Defendants Wolfe, Campbell, Gang, Watford, and Wexford (collectively, the "Defendants"). (ECF No. 4). Plaintiff's five-count amended complaint asserts claims under: 18 U.S.C. § 1346 (definition of a criminal "scheme or artifice to defraud") (Count I); 18 U.S.C. § 242 (criminal deprivation of rights under color of law) (Count II); 31 C.F.R. § 0.208 (employee rules of conduct for the United States Department of the Treasury) (Count III);[4] 18 U.S.C. § 241 (criminal deprivation of rights by conspiracy) (Count IV); and 18 U.S.C. § 3 (criminal accessory after the fact) (Count V). Although Plaintiff appears to assert claims of sexual harassment, he does not bring his case under Title VII of the

---

[3] In his responses to Defendants' motions to dismiss, Plaintiff offers additional factual context dating back to 2005. (*See* ECF Nos. 12, at 3-7; 23, at 7-11). The motions to dismiss, however, test the sufficiency of the amended complaint, and Plaintiff may not amend his pleading through opposition briefing.

[4] Plaintiff mistakenly pleads a violation of 31 U.S.C. § 0.208, which does not exist.

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Plaintiff seeks money damages and injunctive relief.

On June 24, before any responsive pleadings were filed, Plaintiff moved for a temporary restraining order and petitioned the court for a warrant of removal. (ECF No. 8). Defendants Wolfe, Campbell, Gang, and Watford moved to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim (ECF No. 10), and Plaintiff responded in opposition (ECF No. 12). Defendant Wexford moved to dismiss the amended complaint (ECF No. 21), Plaintiff responded (ECF No. 23), and Defendant Wexford replied (ECF No. 24).[5]

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or

---

[5] Plaintiff moved to dismiss Defendants' motions to dismiss. (ECF Nos. 12; 23). These documents, however, appear to be responses in opposition to Defendants' motions to dismiss.

"naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

**III. Analysis**

Defendants argue that the amended complaint fails to state a claim for relief and should be dismissed under Rule 12(b)(6). According to Defendants, "Plaintiff asserts violation[s] of several criminal statutes, none of which presents a cognizable

6

cause of action that entitles him to relief against" Defendants. (ECF No. 10-1, at 2). "[T]he statutes pled have no relation to the claims of sexual harassment that are the foundation of [the amended complaint] and there are no facts alleged or that can be alleged that would satisfy these statutes and regulations." (ECF No. 21-2, at 3).

A complaint is required to contain a short and plain statement of the grounds for the court's jurisdiction, a statement of the claim showing that Plaintiff is entitled to relief, and a demand for the relief sought. Fed.R.Civ.P. 8(a). As noted above, however, Plaintiff asserts claims under: 18 U.S.C. § 1346 (definition of criminal honest services fraud); 18 U.S.C. § 242 (criminal deprivation of rights under color of law); 31 C.F.R. § 0.208 (employee rules of conduct for the United States Department of the Treasury); 18 U.S.C. § 241 (criminal deprivation of rights by conspiracy); and 18 U.S.C. § 3 (criminal accessory after the fact). None of these statutes is relevant to Plaintiff's allegations that he was sexually harassed by Ms. Awanga in November 2014. *See Olekanma v. Washington Adventist Univ.*, No. RWT-11CV1713, 2012 WL 7856817, at *1 (D.Md. Feb. 6, 2012), *aff'd*, 473 F.App'x 203 (4th Cir. 2012). Moreover, Plaintiff's reliance on the identified sections of Title 18 of the United States Code and of the section of the Code of Federal Regulations is misplaced. He

lacks standing as a private citizen to prosecute a criminal claim against Defendants under these criminal statutes and the Treasury Department regulation concerning employee rules of conduct. *See Fromal v. Lake Monticelle Owners' Ass'n., Inc.*, No. 3:05-CV-00067, 2006 WL 167894, at *1-2 (W.D.Va. Jan. 23, 2006) (determining that 18 U.S.C. §§ 241 and 242 and 18 U.S.C. § 1341 are criminal statutes that do not provide a private right of action), *aff'd sub nom. Fromal v. Lake Monticello Owners' Ass'n Inc.*, 223 F.App'x 203 (4th Cir. 2007). Accordingly, the amended complaint does not state a claim for relief, and the motions to dismiss will be granted.

Even construing the amended complaint liberally, Plaintiff cannot state a plausible claim for relief. To the extent that Plaintiff advances a claim for harassment or hostile work environment under Title VII, such a claim cannot withstand Rule 12 review. Title VII prohibits discrimination by "employers" based on an employee's personal characteristics such as "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2525 (2013). Title VII, however, "do[es] not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F.App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (finding that Title VII does not provide for actions

8

against individual defendants for violation of its provisions)); *see Wilson v. Dimario*, 139 F.3d 897 (4th Cir. 1998) (unpublished table decision) ("[T]he department or agency head is the *only* proper defendant in cases alleging a violation of Title VII and that federal employees cannot be held liable in their individual capacities." (emphasis in original)). That is, "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Here, Plaintiff appears to be employed by MDPSCS and work at JCI. As Defendants note, Plaintiff does not name his employer as a defendant. (ECF Nos. 10-1, at 5-6; 21-2, at 2-3).

In addition, to the extent that Plaintiff asserts a Title VII claim against Defendants, the court is not satisfied that it possesses subject matter jurisdiction to consider such a claim. Title VII requires that a plaintiff file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") before suing in federal court. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009). A Title VII plaintiff's failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction over such claims. *Id.* at 300; *see Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) ("Subject matter jurisdiction

9

cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment.").

> [Title VII] specifies the actions the EEOC must take before a private litigant may assert a Title VII claim in federal court. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). [Section 2000e-5(b)] provides that a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim. Further, the section requires that the EEOC decide whether the agency will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which [] is essential to initiation of a private Title VII suit in federal court. 42 U.S.C. § 2000e-5(b); *id.* § 2000e-5(f)(1); *see also Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 104-05 n.12 (1979) ("[A] complainant . . . must obtain a 'right-to-sue' letter before proceeding in federal court."); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *Hirst*, 604 F.2d at 847.

*Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 137-38 (4th Cir. 1995). Here, even liberally construing Plaintiff's *pro se* amended complaint and accepting his allegations as true, Plaintiff has failed to demonstrate that this court possesses jurisdiction over his Title VII harassment claim due to his failure to allege facts demonstrating exhaustion of his administrative remedies. The amended complaint is devoid of any reference to an initial EEOC charge, an EEOC investigation, or a right to sue letter. Plaintiff alleges only that he "took the

matter [of his harassment] to [EEOC Coordinator Glynis Watford, who] further harassed [P]laintiff by intimidating [him]" regarding his complaints of harassment by a female nurse. (ECF No. 4 ¶ 4). Until the EEOC issues a right to sue letter, however, or until Plaintiff is entitled to one, the federal court is without jurisdiction. Thus, because the amended complaint fails to allege that statutory prerequisites have been met, Plaintiff has not properly invoked the court's jurisdiction under Title VII. *Davis*, 48 F.3d at 140 (citation omitted).

Furthermore, Plaintiff's pleading does not enable the court to discern the nature of other potential federal claims he may be asserting. Responding to Defendants' motions to dismiss, Plaintiff asserts the amended complaint alleged violations of the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. (ECF Nos. 12, at 7; 23, at 10). His responses also raise general allegations of fraud (ECF Nos. 12, at 3; 23, at 7), assault (ECF Nos. 12, at 4; 7, at 8), and violations of, *inter alia*, 42 U.S.C. §§ 1983, 1985, and 1986 (ECF Nos. 12, at 7; 23, at 10). However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that

the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Here, the focus of the amended complaint is not at all clear, and the court is unable to discern what other constitutional or civil rights violations Plaintiff asserts.

Accordingly, Defendants' motions to dismiss will be granted, and the court will allow Plaintiff 21 days to file a second amended complaint. Such an outcome is appropriate in light of the forgiving standards embodied in Rule 15 and Plaintiff's *pro se* status.[6] Because Defendants' motions to dismiss will be granted, Plaintiff's motion for a temporary restraining order and petition for warrant of removal will be denied as moot.[7]

---

[6] Should Plaintiff file a second amended complaint within 21 days, the court expects that he will include factual allegations sufficient to establish a plausible basis for his claims. Plaintiff must identify federal statutes or constitutional provisions on which this civil action is predicated. As noted, Rule 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a statement of the claim showing that Plaintiff is entitled to relief, and a demand for the relief sought. The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Giacomelli*, 588 F.3d at 193.

[7] Even if the court were not granting the motions to dismiss, Plaintiff has neither satisfied the standard for preliminary injunctive relief nor persuaded the court that his state administrative proceedings can be removed. Critically, in his motion, Plaintiff does not request any particular temporary

**IV.  Conclusion**

For the foregoing reasons, Defendants' motions to dismiss will be granted, and Plaintiff's remaining motion will be denied.  Plaintiff will have 21 days to file a second amended complaint.  A separate order will follow.

                /s/
DEBORAH K. CHASANOW
United States District Judge

---

restraining order or identifiable injunctive relief.  In addition, he simply presumes that records regarding his then-ongoing case before the Maryland Office of Administrative Hearings ("OAH"), case number SPMS-JCI-20-15-10688, "will be made available to [this court] upon [n]otice and [d]emand for [m]andatory [j]udicial [n]otice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence, the Full Faith and Credit Clause . . . , and 28 U.S.C. § 1449."  (ECF No. 8 ¶ 4).  Plaintiff "pray[s] for removal of the above-captioned state court proceedings" to this court.  (ECF No. 8, at 11).  Plaintiff has not, however, followed procedure for removal of state court actions to federal court, nor has he demonstrated that the OAH proceeding concerning his suspension without pay is properly subject to removal.  *See* 28 U.S.C. §§ 1441, 1446; *Rockville Harley-Davidson v. Harley-Davidson Motor Co.*, 217 F.Supp.2d 673, 676 (D.Md. 2002) ("First, the court must evaluate the functions, powers, and procedures of the state tribunal in order to consider whether the entity functions as a court.  Second, the court must consider the respective state and federal interests in the subject matter and in the provision of a forum." (citation and internal quotation marks omitted)).