IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL OLEKANMA                    :

                                   :

     v.                            :   Civil Action No.  DKC 15-0984

                                   :

JOHN S. WOLFE, Warden, Jessup
Correctional Facility, et al.      :

**MEMORANDUM OPINION**

Presently  pending  and  ready  for  resolution  in  this
workplace harassment action are: (1) a motion to dismiss filed
by Defendants John S. Wolfe, Casey Campbell, Allen Gang, Glynis
Watford,  Genice  Fowler,  Agboha  Augustine,  Fekoya  Foluso,  Kevin
Hight,  Oduazu  Ike,  Joseph  Swen,  Imoemiye  Olufemi,  Shalawanda
Suggs,  Edward  Burl,  Uzoma  Godspower,  Tamisha  Forbes,  Charles
Frank,  Paul  Ogordi,  Emilike  Sunday,  Judith  Hendric  Jones,  Ajose
Ganiyat,  Oloku  Olatunbosun,  Omolaja  Francis,  Ugo  Ignes,  Onanuga
Endurance,  M.  Fields,  Robinson  Abner,  Falope  Mofoluwaso,  and
Okunade Adeniyi (together, the "State Defendants") (ECF No. 52);
(2)  a  motion  to  dismiss  filed  by  Defendant  Wexford  Health
Sources  Incorporated  ("Wexford")  (ECF  No.  31);  a  motion  to
strike  the  surreply  of  Plaintiff  Samuel  Olekanma  ("Plaintiff"),
filed by Wexford (ECF No. 51); a motion to disqualify opposing
counsel filed by Plaintiff (ECF No. 55); Plaintiff's application
for  injunctive  relief  (ECF  No.  56);  and  Plaintiff's  motion  for

default judgment (ECF No. 59).  The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6.  For the following reasons, the State Defendants' motion to dismiss will be denied as to Defendant Wolfe and granted as to all other State Defendants, Wexford's motion to dismiss will be granted, Wexford's motion to strike Plaintiff's surreply will be granted, and Plaintiff's motions will be denied.

## I.   Background[1]

At all relevant times, Plaintiff has been employed by the Maryland Department of Public Safety and Correctional Services ("MDPSCS") as a corrections officer at the Jessup Correctional Institution ("JCI").  (ECF No. 30, at 6, 10).  Plaintiff alleges that Electa Awanga, a female nurse employed by Wexford at JCI, repeatedly sexually harassed him beginning in November 2014. (ECF No. 4, at 2, 6).[2]  According to Plaintiff, "[t]his sexual [h]arassment was brought to the attention of the supervisors and appointed authorities . . . but they failed to remove [P]laintiff from the abusive condition on time which resulted in

---

[1] Unless otherwise noted, the facts outlined here are set forth in the second amended complaint and construed in the light most favorable to Plaintiff for the purpose of Defendants' motions to dismiss.

[2] The first amended complaint, which Plaintiff incorporated by reference into the second amended complaint (ECF No. 30, at 9), contains a lengthy recitation of facts surrounding the purported harassment and retaliation.  (*See* ECF No. 4, at 6-13).

further sexual harassment and abuse." (*Id.* ¶ 1).  Plaintiff alleges that he reported the harassment to his supervisors, Defendants Wolfe, Campbell, and Gang, but they "were [] absent or on vacation at the time of the complaint which is a violation of policy and procedure that resulted in . . . continued sexual harassment." (*Id.* ¶ 2).  Furthermore, he maintains that "[w]hen [he] took the matter to . . . [Maryland Equal Employment Opportunity Coordinator Glynis Watford, she] further harassed [P]laintiff by intimidating [him]." (*Id.* ¶ 4).  After he complained about the sexual harassment, Plaintiff allegedly was moved away from his work area, and other JCI employees filed complaints against him. (*Id.* at 11-12).  Plaintiff also asserts that Defendant Wexford employs Ms. Awanga and "failed to act or do anything about [his] complaint" of harassment. (*Id.* ¶ 5).

Plaintiff, proceeding *pro se*, filed a complaint in this court against MDPSCS on April 6, 2015. (ECF No. 1).  Shortly thereafter, the court found the complaint to be insufficient under federal pleading standards and granted him twenty-eight days to file an amended complaint. (ECF No. 3).  On May 6, Plaintiff filed an amended complaint against Defendant Wexford and Defendants Wolfe, Campbell, Gang, and Watford, in their official capacities. (ECF No. 4).[3]  Plaintiff's first amended

---

[3] Although Plaintiff did not designate Defendant Watford in her official capacity, he identifies her full job title in the

complaint asserted claims under: 18 U.S.C. § 1346 (definition of a criminal "scheme or artifice to defraud") (Count I); 18 U.S.C. § 242 (criminal deprivation of rights under color of law) (Count II); 31 C.F.R. § 0.208 (employee rules of conduct for the United States Department of the Treasury) (Count III);[4] 18 U.S.C. § 241 (criminal deprivation of rights by conspiracy) (Count IV); and 18 U.S.C. § 3 (criminal accessory after the fact) (Count V). Defendant Wexford and Defendants Wolfe, Campbell, Gang, and Watford filed motions to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (ECF Nos. 10; 21). The court granted those motions to dismiss because, as a private citizen, Plaintiff lacked standing to bring suit under the criminal statutes and Treasury regulations that he cited in the various counts of the complaint. (ECF No. 25, at 7-8). Although Plaintiff did not purport to bring his case under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the court liberally construed his *pro se* complaint to assert claims of sexual harassment and retaliation. (*Id.* at 8). The court dismissed those claims, however, because

---

caption like the other State Defendants named in the first amended complaint. Therefore, the court presumes that Plaintiff sought to sue her in her official capacity. For the reasons set forth below, Ms. Watford is not liable in her individual or official capacity, so this distinction is immaterial here.

[4] Plaintiff mistakenly pleaded a violation of 31 U.S.C. § 0.208, which does not exist.

Plaintiff had not alleged that he had exhausted his administrative remedies and because he had sued individual employees and supervisors rather than his employer, as defined by Title VII. (*Id.* at 8-11).[5]

After being granted leave to amend, Plaintiff filed a second amended complaint on March 22, 2016. (ECF No. 30). The second amended complaint incorporates all allegations contained in his prior pleadings, names twenty-eight additional individual defendants (together with Wexford, Wolfe, Campbell, Gang, and Watford, "Defendants"), and asserts claims under Title VII; the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A; the whistleblower protections under the Dodd-Frank Act ("Dodd-Frank"), 15 U.S.C. § 78u-6(h)(1)(A); and 18 U.S.C. § 242.[6]   (*Id.* at 6-7, 10-12). Plaintiff also sought appointment of counsel, which the court denied because Plaintiff had not sought to proceed *in forma pauperis* when filing his complaint. (ECF No. 35, at 4-5).

Wexford filed its pending motion to dismiss on March 28, 2016. (ECF No. 31). The State Defendants' pending motion to dismiss was filed on July 26, 2016. (ECF No. 52).[7] Plaintiff

---

[5] As discussed below, although it did not affect the outcome of the motion to dismiss, part of the court's Title VII "employer" analysis was erroneous.

[6] Plaintiff improperly labels this claim "Fraud."

[7] Several State Defendants originally filed a motion to dismiss on April 1, 2016. (ECF No. 33). As Plaintiff added and

has responded to both motions.  (ECF Nos. 36; 57).  Wexford replied on April 25 (ECF No. 38), and Plaintiff filed a surreply on July 18 (ECF No. 50).  Wexford then moved to strike Plaintiff's surreply.  (ECF No. 51).  Plaintiff responded to that motion (ECF No. 54), and Wexford replied (ECF No. 58). Plaintiff filed his pending motions to disqualify opposing counsel Lisa Arnquist (ECF No. 55), for injunctive relief (ECF No. 56), and for default judgment against all Defendants except Wexford (ECF No. 59) in August 2016.  Wexford and the State Defendants filed separate responses to Plaintiff's motion for default judgment (ECF Nos. 60; 61), and Plaintiff replied to each of those filings (ECF Nos. 64; 65).

## II.  Motions to Dismiss

### A.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

served more State Defendants, they filed new motions making the same arguments, but including the newly added Defendants. (ECF Nos. 44; 52).

544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in the complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).  In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a

7

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

B. **Analysis**

1. **Non-Title VII Claims**

In the second amended complaint, Plaintiff alleges violations of SOX and Dodd-Frank for the first time. (*Id.* at 6-

7, 10-12).   SOX protects whistleblowers of publicly traded companies by prohibiting employers from retaliating against employees who have provided information about potentially illegal conduct.   18 U.S.C. § 1514A(a); *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008).   Dodd-Frank "encourages individuals to provide information relating to a violation of securities laws to the Securities and Exchange Commission" ("SEC") by protecting whistleblowers from retaliatory actions by their employers. *Asadi v. G.E. Energy (USA), LLC*, 720 F.3d 620, 622-23 (5th Cir. 2013); *see* 15 U.S.C. § 78u-6.   Here, there is no assertion that Plaintiff's employer – a state agency - is a publicly traded company.   Nor is there any allegation that he reported information to the SEC.   Accordingly, these claims will be dismissed.

Plaintiff's second amended complaint also makes references to extortion, prostitution, and fraud.   Plaintiff has not alleged any facts indicating that any of the Defendants defrauded him.   Although Plaintiff labels one of his causes of action "Fraud," it simply quotes the text of 18 U.S.C. § 242. As previously held (ECF No. 25, at 7-8), Plaintiff does not have standing to bring a private civil action under 18 U.S.C. § 242, a criminal statute, *see Fromal v. Lake Monticelle Owners' Ass'n, Inc.*, No. 3:05-CV-00067, 2006 WL 167894, at *1-2 (W.D.Va. Jan. 23, 2006) (determining that 18 U.S.C. §§ 241 and 242 and 18

U.S.C. § 1341 are criminal statutes that do not provide a private right of action), *aff'd*, 223 F.App'x 203 (4th Cir. 2007). Plaintiff also does not have a private cause of action for the alleged prostitution or extortion.[8]  It appears that Plaintiff intends to allege prostitution and extortion as part of a racketeering scheme.  Although he mentions racketeering only generally in his second amended complaint (*see* ECF No. 30, at 7, 8, 13), he argues in opposition to the motions to dismiss that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (*see* ECF Nos. 36, at 7-8; 57, at 2-3, 14-21).[9]  Even construing his complaint liberally, Plaintiff has not alleged sufficient facts to plead a RICO claim.  To state a claim for a substantive violation of RICO, the complaint must set forth facts which, if proven, would establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  "Racketeering activity"

---

[8] Plaintiff states, without further explanation, that a "supervisory employee of this agency" extorted more than $10,000 from him.  (ECF No. 30, at 4).  Without more facts, this statement is insufficient to plead any potential private action based on the alleged extortion.

[9] The civil action provision of RICO, § 1964, provides a cause of action to "[a]ny person injured in his business or property" by, *inter alia*, racketeering activity.  *See* 18 U.S.C. §§ 1964(c), 1962.

is defined by reference to § 1961 as "any act which is indictable" under a lengthy, but enumerated, list of criminal provisions.  18 U.S.C. § 1961(1).  Plaintiff's complaint alleges facts relating only to sexual harassment and prostitution, neither of which is enumerated in § 1961.[10]  Therefore, his RICO claim will also be dismissed.

Finally, in his opposition to the State Defendants' motion to dismiss, Plaintiff raises general allegations of fraud (*see, e.g.*, ECF No. 36, at 8), violations of 42 U.S.C. §§ 1983, 1985, and 1986 (ECF No. 57, at 12), and claims under assorted other statutes (*Id.* at 14-21).[11]  Although the court previously

---

[10]  In his opposition, Plaintiff cites to a wide array of racketeering activities that he considers the "predicate acts" to his RICO case.  Among these criminal provisions are sections of Title 18 of the U.S. Code related to mail fraud (1341), financial institution fraud (1344), obstructing justice, law enforcement, and criminal investigations (1503, 1510-11), tampering with or retaliating against criminal witnesses, victims, or informants (1512-13), peonage, slavery, and trafficking in persons (1581-88), interstate transport of stolen property (2315), criminal copyright infringement (2319), and trafficking in goods bearing counterfeit marks (2320).  (ECF No. 57, at 3).  He also argues that drugs and paraphernalia are being trafficked in the prison system.  (ECF No. 36, at 5).  Plaintiff has not pleaded any facts to support any of these purported criminal violations.

[11]  In each of ten separate "claim[s] for relief" included in his opposition to the State Defendants' motion to dismiss, Plaintiff cites to 18 U.S.C. §§ 2 and 371, 42 U.S.C. §§ 1320a-7b(b)(1) and (b)(2), and 21 U.S.C. §§ 331(T) and 333(b).  (ECF No. 57, at 14-21).  He also makes references to various civil rights statutes including 42 U.S.C. §§ 1981, 1981A, and 1988.  (*Id.*).  To the degree that any of these causes of action may be applicable, they were not pleaded in Plaintiff's complaints.

directed Plaintiff to provide facts related to such claims in his amended pleadings, he made no reference to these claims in his second amended complaint. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). These claims will be dismissed.

2. **Title VII Claims**

a. **Plaintiff's Employer Under Title VII**

Plaintiff's Title VII claims for sexual harassment and retaliation were previously dismissed because, *inter alia*, the Defendants he had identified were not his employer under Title VII (ECF No. 25, at 8-9), and Title VII "do[es] not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F.App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). The opinion

12

explained that because Plaintiff alleges that he was employed by MDPSCS and JCI (ECF No. 30, at 6, 10), he can only bring a claim under Title VII against MDPSCS, JCI, or the heads of those entities (*see* ECF Nos. 25, at 9; 35, at 2).   The court erroneously found that Plaintiff had not named any such defendants, even though he had named Defendant Wolfe in his official capacity as Warden of JCI in his first amended complaint and had named MDPSCS in the original complaint. (ECF Nos. 4; 30).   A Title VII claim may be brought against a prison warden in his official capacity. *See, e.g.*, *Fisher v. Md. Dep't of Pub. Safety & Corr. Svcs.*, No. JFM-10-0206, 2010 WL 2732334, at *4 (D.Md. July 8, 2010) (addressing a Title VII claim against MDPSCS and a warden in his official capacity), *Booth v. Md. Dep't of Pub. Safety & Corr. Svcs.*, No. RDB-05-1972, 2008 WL 2484937, at *9-*10 (D.Md. June 18, 2008), *aff'd*, 337 F.App'x 301, 310-311 (4th Cir. 2009) (same); *see also Wilson v. Dimario*, 139 F.3d 897 (4th Cir. 1998) (unpublished table opinion) ("[T]he department or agency head is the *only* proper defendant in cases alleging a violation of Title VII.").   Furthermore, Plaintiff originally filed his suit against MDPSCS (ECF No. 1), and the clerk terminated the agency as a Defendant when he failed to include it as a named defendant in his first amended complaint (ECF No. 5).   Because MDPSCS was originally named, it should be

13

reinstated in spite of its absence from the first and second amended complaints.[12]

Plaintiff does not, however, allege that Wexford is or ever was his employer.  Similarly, all of the other State Defendants are not Plaintiff's employer for Title VII purposes. Accordingly, both motions to dismiss will be granted as to all named Defendants other than Defendant Wolfe.  Moreover, the other individual Defendants who have not yet moved for dismissal are similarly not Plaintiff's employers under Title VII.[13] Because Plaintiff's only pleaded cause of action – his Title VII claim – cannot be sustained against any of these Defendants, he has failed to plead a viable claim against them, and his claim will be dismissed as to them as well.

### b.  Defendant Wolfe's Motion to Dismiss

Plaintiff's Title VII claims were also dismissed in the court's prior opinion because he had failed to allege facts demonstrating exhaustion of his administrative remedies, which is a jurisdictional bar.  (ECF No. 25, at 9-11).  Plaintiff has now alleged that he filed an EEOC charge and was issued a right

---

[12] The file does not reflect that MDPSCS was served in this case.  Counsel will be directed to notify the court whether formal service is necessary.

[13] Defendants Robert Davis, Akinyosoye Adewale, Manning Octavia, and Thembisa Mkhize have not moved to dismiss or filed any appearances in this case, and it is unclear whether they were all properly served.  The complaint does not make any specific allegations related to these individuals.

to sue letter in March 2016.  (ECF Nos. 30-1; 30-2).  Although it appears that Plaintiff originally filed his suit before exhausting his administrative remedies, courts have allowed a plaintiff who has met his exhaustion requirement under Title VII during the pendency of the suit to move forward.  *See Causey v. Balog*, 929 F.Supp. 900, 908  (D.Md. 1996) ("Although [the plaintiff] initially filed claims related to his [] EEOC charge too soon (and defendants accordingly could have moved to dismiss these claims at any time from . . . when this suit was filed, until [the date the right to sue letter was received]), '[h]ere . . . the proper time has arrived[,] for the plaintiff is entitled to, and has in fact received, a "right to sue" notice.'") (quoting *Soble v. Univ. of Md.*, 572 F.Supp. 1509, 1517 (D.Md. 1983)); *Soble*, 572 F.Supp. at 1517 (denying a motion to dismiss where a Title VII complaint that would be dismissed for failure to exhaust administrative remedies at the time of the complaint could be refiled because the right to sue letter had been issued during the district court action).  Here, where Plaintiff filed his second amended complaint after being issued his right to sue letters, he has alleged exhaustion.

Plaintiff claims harassment on the basis of sex, leading to a hostile work environment, a form of prohibited discrimination under Title VII.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66–77 (1986).  To establish a *prima facie* case, Plaintiff

15

must show that: (1) he was subjected to unwelcome conduct; (2) the unwelcome conduct was based on sex; (3) the conduct was sufficiently pervasive or severe to alter the conditions of employment and create a hostile work environment; and (4) some basis exists for imputing liability to the employer. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 241–42 (4th Cir. 2000). Plaintiff has alleged that Ms. Awanga sexually harassed him by engaging in a variety of unwelcome acts, including brushing up against him, joking about having sexual relations with him, making derogatory statements about Plaintiff's sex life and anatomy, and exposing her breasts to him. (ECF No. 4, at 6, 9, 10).   He also alleges that Ms. Awanga and several other employees at JCI are engaging in prostitution at the workplace. (*Id.* at 7-8).   Plaintiff has alleged that he has repeatedly notified his supervisors of this conduct, but that they have condoned or ignored the alleged acts.   (*Id.* at 9, 11-12).   His complaint therefore appears to be sufficient.

To establish a *prima facie* case of retaliation, Plaintiff ultimately will have to show that: (1) he engaged in a protected activity; (2) in response, his employer acted adversely against him; and (3) the protected activity was causally connected to the adverse action.   *Fordyce v. Prince George's Cty. Md.*, 43 F.Supp.3d 537, 547 (D.Md. 2014) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)).   "An adverse

employment action is a discriminatory act which adversely affect[s] the terms, conditions, or benefits' of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (internal quotation marks omitted). To be a materially adverse employment action, the "employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co v. White*, 548 U.S. 53, 67-68 (2006) (emphasis added). Plaintiff has alleged that his reporting of the sexual harassment led to complaints being filed against him and to him being moved to a different work area in a different building. (ECF No. 4, at 11-12). Plaintiff's complaint thus also appears to plead a claim for retaliation.

In the State Defendants' motion to dismiss, Defendant Wolfe – as a State Defendant - challenged the sufficiency of Plaintiff's complaint under Fed.R.Civ.P. 8(a) and 12(b)(6). The State Defendants failed to address any specific elements of a claim for hostile work environment or retaliation beyond who constituted Plaintiff's employer under Title VII. The court recognizes that the State Defendants may have limited the arguments they put forth in light of the court's previous holding that they were not Plaintiff's employer. Therefore, their motion to dismiss will be denied as to Defendant Wolfe

17

without prejudice to raising any appropriate defenses in a further motion to dismiss or for summary judgment.

## III. Other Pending Motions

### A. Wexford's Motion to Strike Surreply

Without seeking leave, Plaintiff has also filed a surreply to Wexford's motion to dismiss, labelled as a "motion to dismiss defendants['] motion." (ECF No. 50). Wexford moved to strike the surreply. (ECF No. 51). Local Rule 105.2(a) states that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation omitted). By contrast, "[a] motion for leave to file a surreply may be denied when the matter addressed in the reply is not new." *Marshall v. Capital View Mut. Homes*, No. RWT-12-3109, 2013 WL 3353752, at *3 (D.Md. July 2, 2013) (citation omitted). Wexford did not raise new arguments in its reply. Therefore, Wexford's motion to strike will be granted.

### B. Plaintiff's Motion to Disqualify Opposing Counsel

Plaintiff has filed a motion to disqualify opposing counsel Lisa Arnquist. (ECF No. 55). He contends that because she represented Defendant Wolfe in another case between Plaintiff and Defendant Wolfe, she should not be permitted to represent

the State Defendants here.  (*Id.* at 5, 6).  Plaintiff maintains that Ms. Arnquist is likely to testify on behalf of Defendant Wolfe, that her representation will give the appearance of impropriety, and that she will be in a position to misuse privileged information.  (*Id.*).[14]  Plaintiff misconstrues the rules of professional responsibility and Ms. Arnquist's role in the two cases.  There is no reason to think that she will testify in this case, and her prior representation of Defendant Wolfe does not create any apparent issues related to privilege or conflict of interest.  Plaintiff's motion will be denied.

### C.   Plaintiff's Application for Injunctive Relief

Plaintiff also moved the court to re-instate Solomon Hejirika as Warden of JCI.  (ECF No. 56, at 5).  Plaintiff contends that Mr. Hejirika was fired for making contact with him.  (*Id.*).  Plaintiff has no standing to bring an action on behalf of Mr. Hejirika, who is not a party to this case.  This application for injunctive relief will therefore be denied.

### D.   Plaintiff's Motion for Default

Finally, Plaintiff moved for default judgment against all Defendants except Wexford.  (ECF No. 59).  Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[14] Plaintiff also makes an unintelligible argument related to the National Labor Relations Act.  (ECF No. 55, at 7-9).

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  By filing motions to dismiss under Fed.R.Civ.P. 12, Wexford and the State Defendants have altered the times in which their responsive pleadings are due.   Fed.R.Civ.P. 12(a)(4).   Even for those Defendants who have not filed Rule 12 motions, entry of default would mean only that "the well-pled allegations in a complaint as to liability are taken as true," *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005), and it would remain "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action," *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010) (citing *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001) (affirming that acceptance of the facts in the complaint "does not necessarily entitle the [plaintiff] to the relief sought")).   Because Plaintiff has failed properly to plead any of his claims against these Defendants, any default against them is mooted by the dismissal of his complaint against them here.

## IV.  Conclusion

For the foregoing reasons, the State Defendants' motion to dismiss will be denied as to Defendant Wolfe and granted as to all other State Defendants, Wexford's motion to dismiss will be granted, Wexford's motion to strike Plaintiff's surreply will be

granted, and Plaintiff's motions will be denied.   A separate

order will follow.

                              /s/
                    _____
                    DEBORAH K. CHASANOW
                    United States District Judge