IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL OLEKANMA                          :

   v.                                    :   Civil Action No. DKC 15-0984

JOHN S. WOLFE, Warden, Jessup            :
Correctional Facility, et al.            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this workplace harassment action are: (1) a motion to dismiss and, in the alternative, for summary judgment filed by Defendants Maryland Department of Public Safety & Correctional Services ("MDPSCS") and John Wolfe, Warden of Jessup Correctional Institute ("JCI") (collectively "Defendants") (ECF No. 68); (2) a motion to take judicial notice filed by Plaintiff Samuel Olekanma ("Plaintiff") (ECF No. 74); and (3) a motion for a protective order filed by Plaintiff (ECF No. 76). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, the motion to take judicial notice will be denied, and the motion for a protective order will be denied as moot.

I.  **Background**

   A.  **Factual History**[1]

At all relevant times, Plaintiff has been employed by MDPSCS as a corrections officer.  (ECF No. 30, at 6, 10).  Plaintiff alleges that Electa Awanga, a nurse employed by Wexford Health Sources Incorporated (Wexford) — MDPSCS's medical contractor, repeatedly sexually harassed him.  (ECF No. 4 at 6-11).

Plaintiff's complaint is far from a model of clarity.  It appears that the alleged harassment started at some point before May 2014.  (ECF No. 4, at 6) ("The first time I worked with Electa Awanga is about a year plus ago").  Plaintiff alleges

---

[1] Plaintiff purports to incorporate "every allegation contained in the previous . . . complaints [and] motions[.]" (ECF No. 30, at 9).  Such a pleading convention is not allowed.  Fed.R.Civ.P. 10(c) allows a party to incorporate by reference statements in previous pleadings, but the incorporation "must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1326 (3d ed. 2004).  "This requirement of clarity ensures fairness to the responding party, for without this requirement incorporations 'may prove confusing and inconvenient.'  And the risk of such confusion and inconveince is particularly high where, as here, a party seeks wholesale incorporation in an amended pleading of a superseded version of that same pleading." *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 446 (E.D.Va. 2009) (quoting Wright & Miller, § 1326). Defendants, however, did not object to this pleading, and this court has sorted through the various documents to determine the claims and the facts alleged in support.  At this stage, the facts alleged are accepted as true and construed in the light most favorable to Plaintiff.

2

that on the night the harassment started, he was working a shift with Ms. Awanga and she inappropriately touched him, called him "sweetie [and] honey," offered to have sex with him, discussed her sex life with him, and showed him her breasts. (*Id.* at 6, 10). He alleges that from then until November 2014, she sexually harassed him through a variety of unwanted acts including brushing up against him and making derogatory statements about Plaintiff's sex life and anatomy. (*Id.* at 6-11).

Plaintiff also alleges that Ms. Awanga and several other employees at JCI were engaged in a "prostitution ring" at JCI. (ECF No. 30, at 9). Plaintiff alleges that Defendants "[c]reated an atmosphere and working condition which ma[de] it almost impossible to work . . . without engaging in some sort of illicit sexual relationship with either a co-worker, staff and or a supervisory staff." (*Id.* at 10).

In his first amended complaint, which he purported to incorporate by reference into his second amended complaint, Plaintiff asserted that he was harassed on November 29, 2014 and reported that incident to Warden Wolfe, Assistant Warden Casey Campbell, and Chief of Security Allen Gang but that they were "absent or on vacation at the time of the complaint[.]" (ECF No. 4, at 2). He alleges that on that date, he also told his supervisors about the harassment but that his supervisors

3

"ridiculed and laughed about it[.]" (ECF No. 4-1, at 1). Plaintiff further alleges that at that time "the supervisors and appointed authorities failed to remove [P]laintiff from the abusive condition on time[.]" (ECF No. 4, at 2). On December 10, 2014, Plaintiff was transferred from JCI to another prison, the Maryland Correctional Institution for Women ("MCIW"). (ECF No. 4-1, at 3).

B.  **Procedural History**

Plaintiff, proceeding pro se, filed a complaint in this court against MDPSCS on April 6, 2015. (ECF No. 1). The court found the complaint to be insufficient under federal pleading standards and granted Plaintiff twenty-eight days to file an amended complaint. (ECF No. 3).

On May 6, Plaintiff filed an amended complaint against Wolfe, Campbell, Gang, Glynis Watford, Maryland EEO Coordinator, and Wexford. (ECF No. 4). Plaintiff's first amended complaint asserted claims under: 18 U.S.C. § 1346 (definition of a criminal "scheme or artifice to defraud") (Count I); 18 U.S.C. § 242 (criminal deprivation of rights under color of law) (Count II); 31 C.F.R. § 0.208 (employee rules of conduct for the United States Department of the Treasury) (Count III);[2] 18 U.S.C. § 241 (criminal deprivation of rights by conspiracy) (Count IV); and

---

[2] Plaintiff mistakenly pleaded a violation of 31 U.S.C. § 0.208, which does not exist.

18 U.S.C. § 3 (criminal accessory after the fact) (Count V). The defendants moved to dismiss the amended complaint, (ECF Nos. 10; 21), and the court granted those motions to dismiss because, as a private citizen, Plaintiff lacked standing to bring suit under the criminal statutes and Treasury regulations that he cited in the various counts of the complaint. (ECF No. 25, at 7-8). Furthermore, the court found, even construing the amended complaint liberally, Plaintiff could not state a claim for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, for sexual harassment or retaliation because Plaintiff had not alleged that he had exhausted his administrative remedies and because he had sued individual employees and supervisors rather than his employer, as defined by Title VII. (*Id.* at 8-11).

After being granted leave to amend, Plaintiff filed a second amended complaint on March 22, 2016. (ECF No. 30). The second amended complaint incorporated all allegations contained in his prior pleadings, named twenty-eight additional individual defendants and asserted claims under Title VII; the whistleblower protections of Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and the Dodd-Frank Act ("Dodd-Frank"), 15 U.S.C. § 78u-6(h)(1)(A); and 18 U.S.C. § 242.[3] (*Id.* at 6-7, 10-12). Defendants moved to dismiss the complaint pursuant to

---

[3] Plaintiff improperly labeled this claim "Fraud."

Fed.R.Civ.P. 12(b)(6). The court dismissed the claims brought under SOX and Dodd-Frank because Plaintiff was not employed by a publicly traded company and had not reported information to the Securities and Exchange Commission. (ECF No. 66 at 8-9). The court dismissed the claim under 18 U.S.C. § 242 because it was a criminal statute that did not authorize a private right of action. (ECF No. 66, at 9-10). Construing his complaint liberally, the court determined Plaintiff may have attempted to raise a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, (ECF No. 30, at 7, 8, 13) but dismissed those claims for failing to identify a RICO predicate. (ECF No. 66, at 10-11). Although Plaintiff provided proof that he had exhausted his administrative remedies after filing his initial complaint, the court, nevertheless, dismissed the Title VII claim against all the defendants, except for Warden Wolfe and MDPSCS,[4] because Title VII only authorizes claims against employers and only Warden Wolfe, in his official capacity, and MDPSCS were his employers. (*Id.* at 13-14). Having ruled that Warden Wolfe and MDPSCS were proper defendants

---

[4] MDPSCS was named in the original complaint but was not named in the amended complaint. (ECF No. 1, 4). In its first memorandum opinion of February 4th, 2016, the court thought MDPSCS had been dropped from the amended complaint. (ECF No. 25). After Plaintiff filed his second amended complaint which included MDPSCS as a defendant, (ECF No. 30), the court concluded MDPSCS was still a defendant because the first amended complaint incorporated the original complaint by reference. (ECF No. 66).

6

and due to the confusing nature of the complaint and the proceedings, the court allowed Defendants an opportunity to file another motion to dismiss. (*Id.* at 17-18).

On March 15, 2017, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 68). Plaintiff responded and then moved to take judicial notice of facts and next for a protective order. (ECF Nos. 70, 74, 76). Defendants replied and then submitted oppositions to Plaintiff's motions. (ECF Nos. 71, 78).

**II. Motion to Dismiss**

    **A.    Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be

considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

In reviewing the motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The court may also consider documents attached to the complaint. *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**B. Hostile Work Environment**

To establish a *prima facie* case of a hostile work environment in violation of Title VII, Plaintiff must show that: (1) he experienced unwelcome harassment; (2) the harassment was based on sex; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create a hostile work environment; and (4) some basis exists for imputing

9

liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff has failed to provide a basis to impute liability to his employer, and, therefore, his hostile work environment claim will be dismissed.

Plaintiff's allegations of sexual harassment revolve around the actions of a single person, Ms. Awanga, who was not employed by the Defendants but by a contractor. When a harassment claim is based on the actions of a non-supervisory coworker, "employers are liable only for their own negligence in failing, after actual or constructive knowledge, to take prompt and adequate action to stop it." *Mikels v. City of Durham,* 183 F.3d 323, 332 (4th Cir. 1999). An employer can be deemed to have actual knowledge if "the employer, or high-echelon officials of an employer organization" are aware of the conditions. *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998). An employer can be deemed to have constructive knowledge if "a reasonable employer, intent on complying with Title VII, would be aware of the [harassing] conduct." *Spicer v. Va. Dep't of Corr.*, 66 F.3d 705, 710 (4th Cir. 1995) (en banc).

Plaintiff has not alleged that a reasonable employer should have known about the harassment nor identified any inadequacy in his employer's compliance program. Thus, there is no basis to find constructive knowledge. *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 334 (4th Cir. 2003) (en banc).

Plaintiff admits that he did not complain initially when the conduct happened. (ECF No. 4, at 11). He alleges, however, that Sergeant Emenike saw Ms. Awanga spill a drink on him and that Sergeant Emenike ignored his complaints about Ms. Awanga. (ECF No. 4, at 9). The complaint contains no information about what Plaintiff told Sergeant Emenike and whether it related to sexual harassment. Sergeant Emenike was alleged to be with Plaintiff when the drink was spilled and also when Ms. Awanga yelled at Plaintiff after Plaintiff told her to throw away food she was taking home from JCI. (ECF No. 4, at 8-9). Neither of these incidents would put a reasonable person on notice of sexual harassment.

In addition, even if Sergeant Emenike had notice, Plaintiff has not pled any facts to support a finding that Sergeant Emenike was the type of employee whose knowledge could be imputed to the employer. He has not alleged Sergeant Emenike was a "management-level employee" or had "authority over employees." *Wilson v. Tulsa Junior Coll.*, 164 F.3d 534, 542 (10th Cir. 1998). Indeed, Plaintiff's own actions belie the point. He went directly to the Warden, Assistant Warden, and Chief of Security when he wanted to give notice of the alleged harassment. This decision suggests that these were the employees whose knowledge could have been imputed to the employer. Thus, regardless of what Sergeant Emenike knew, his

knowledge cannot be imputed to the employer. *See Faragher*, 524 U.S. at 789.

On November 29th, Plaintiff allegedly reported the sexual harassment to the shift captain, Warden, Assistant Warden, and Chief of Security. (ECF No. 4, at 2, 12). To demonstrate negligence, Plaintiff would need to show that, after learning of the conditions, his employer failed to take prompt remedial action designed to end the harassment. *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 155 (4th Cir. 1995). Here, Plaintiff alleges no act of harassment occurred after his complaint, and he admits that he was removed from the environment within two weeks of his email. (ECF No. 4, at 11).

Moreover, the attachments to Plaintiff's complaint negate any possible claim of employer negligence. Despite being on leave, Assistant Warden Campbell immediately responded to Plaintiff's email, advised Plaintiff of his right to file an EEO complaint, explained that a supervisor could help him file his complaint, and explained that JCI needed more information such as specific dates, times, and actions to start an investigation. (ECF No. 4-1, at 9). After receiving the email, Plaintiff did not immediately file the EEO complaint and "decided to wait" until Assistant Warden Campbell came back from his vacation on December 15 to pursue the matter. (*Id.* at 5). Assistant Warden Campbell, while still on vacation, responded

again and reiterated his request for a formal complaint with sufficient information to begin an investigation. (*See id.*). Because of complaints lodged against Plaintiff, by the time Assistant Warden Campbell returned, Plaintiff had already been removed from the alleged hostile work environment. (ECF No. 4-1, at 18). Thus, Defendants could not have been negligent because they remedied the problem, albeit for different reasons, before Plaintiff had even provided them with all the information.

In sum, Plaintiff has failed to allege sufficient facts to show that Defendants knew about the harassment and acted negligently, and, therefore, his claim of a hostile work environment under a Title VII will be dismissed. *See Boyer-Liberto v. Fontainebleau Corp*, 786 F.3d 264, 278 (4th Cir. 2015).

**C. Title VII Retaliation**

To state a claim of retaliation under Title VII, a plaintiff must allege: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "A 'protected activity' may fall into two categories, opposition and participation." *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). "Activities that constitute participation are outlined in the statute: (1) making a charge;

(2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-3). "Opposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Id.* Plaintiff brings claims of both opposition and participation. He alleges that he was "punished for . . . the initial complaint." (ECF No. 4 at 19). He also alleges Defendants retaliated against him for his "exposure of prostitution . . . within the agency[.]" (ECF No. 30, at 7).

As to the participation claim, Plaintiff's complaint is a protected activity, and Plaintiff has stated facts, such as a loss of overtime, which, if true, would show the transfer to be an adverse action. (*See* ECF No. 4, at 16). Plaintiff, however, cannot demonstrate a causal link between the alleged adverse action and any protected activity. Title VII retaliation requires but-for causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013). A plaintiff must allege that "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* Here, Plaintiff acknowledges that he was

14

transferred to another facility because a sexual harassment complaint was filed against him. (ECF No. 4, at 12). Because Plaintiff fails to plead facts showing that his protected activity was the but-for cause and instead admits that the transfer was made for another reason, Plaintiff has not pled sufficient facts to support a claim of Title VII retaliation related to his complaint of sexual harassment.

As to the opposition complaint, Plaintiff has failed to show he engaged in protected activity. Under Title VII, an employee is protected from retaliation when acting in opposition "to *employment actions* actually unlawful under Title VII" or "*employment actions* an employee reasonably believes to be unlawful." *Navy Fed. Credit Union*, 424 F.3d at 406 (emphasis added). In this context, the actions complained about need to be actions made unlawful pursuant to Title VII. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015) (en banc).

Here, Plaintiff alleges in the complaint:

> [Plaintiff] exposed a history of [e]xtortion, [p]rostitution and [r]acketeering with the agency. Plaintiff further exposed the racketeering with the Organization BIG LEAGUE OF CORRECTIONAL OFFICERS who is mainly [a] group of YORUBA TRIBE OF NIGERIA CORRECTION OFFICERS who act like a click or sect to protect the interest of their members. Furthermore, Plaintiff made mention of FEMALE CORRECTIONAL OFFICERS

15

> engagements of Prostitution within the confines of the agency.

(ECF No. 30, at 8). These allegations have nothing to do with employment practices made unlawful under Title VII. Therefore, Plaintiff is not protected pursuant to Title VII. *See Boyer-Liberto*, 786 F.3d at 282.

### III. Motion to supplement

Plaintiff's motion to take judicial notice requests the court to take "judicial notice" pursuant to Fed.R.Evid. 201 that his transfer was "meant to [p]unish Plaintiff for bringing a legal proceeding[.]" (ECF No. 74, at 1). In support, he alleges a number of contentious points that, if true, would support finding the transfer was punishment "for bringing a legal proceeding in this court." (ECF No. 74, at 5). (ECF No. 74). Courts are only permitted to "notice a fact that is not subject to reasonable dispute." Fed.R.Evid. 201(a). His motion does not contain facts but allegations subject to dispute, and cannot be judicially noticed pursuant to Fed.R.Evid. 201. These allegations can be added to the complaint if the court gives leave to amend, and, therefore, this motion will be construed as a motion for leave to amend. Likewise, his motion for a protective order and for leave to supplement contains additional allegations, some of which are identical to the motion to take

16

judicial notice, and will also be construed, in part, as a motion to amend. (ECF No. 76).

Courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. Fed.R.Civ.P. 15(a)(2); *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in the original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *Oroweat Foods Co.*, 785 F.2d at 510 ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)).

Here, the proposed amendments relate to his claim of retaliation and would supplement the original complaint to provide further support that the transfer was an adverse action.

(ECF Nos. 74, at 5-6; 76, at 5-7). His amendment does nothing to demonstrate but-for causation. As the original claim will be dismissed for failing to allege causation, the amended complaint, which does not address this flaw, would also be subject to dismissal on the same grounds and is therefore futile.

**IV. Motion for a protective order**

Plaintiff also moves for a protective order pursuant to 18 U.S.C. § 1514(b)(1). This statute only applies to criminal cases. The substance of the motion suggests that he may want a preliminary injunction reinstating him to his previous position at JCI pending the outcome of this case. Regardless, as the underlying action will be dismissed, the motion for a protective order will be denied as moot.

**V. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted, the motion to take judicial notice filed by Plaintiff will be denied, and the motion for a protective order filed by Plaintiff will be denied. A separate order will follow.

                                                /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge